UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN O'FLAHERTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO. 1:20-cv-2400 |
| ASCENSION HEALTH IS, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  Nature of the Case

The plaintiff, John O'Flaherty ("Plaintiff"), brings this action against his former employer, Ascension Health IS, Inc. (hereinafter "Defendant"), alleging that Defendant violated his rights under the Americans With Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 USC § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

### II.  Parties

1. O'Flaherty has resided within the Southern District of the State of Indiana at all relevant times.

2. Defendant is a corporation located within the Southern District of the State of Indiana, Indianapolis Division.

### III.  Jurisdiction and Venue

3. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A), 29

U.S.C. § 2611(4), 29 USC § 630(b), and 42 U.S.C. §2000e(b).

4. O'Flaherty was an "employee" within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C. § 2611(2), 29 USC § 630(f), and 42 U.S.C. §2000e(f).

5. At all relevant times, O'Flaherty has been a qualified individual with a disability, has had a record of disability, and/or has been regarded as disabled by Defendant. Defendant has been aware of O'Flaherty's disability at all times.

6. At all relevant times, O'Flaherty was an "eligible employee" as that term is defined by the FMLA.

7. At all relevant times, O'Flaherty had a "serious health condition" as that term is defined by the FMLA.

8. At all relevant times, Defendant has employed fifty (50) or more employees within a seventy-five (75) mile radius of the location where O'Flaherty worked.

9. O'Flaherty worked 1,250 or more hours in the twelve (12) months preceding each of his requests for FMLA leave described below.

10. At all relevant times, O'Flaherty is in the protected age group as defined by the ADEA.

11. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 12117, 29 U.S.C. § 2617(a)(2), and 29 USC § 626(c).

12. O'Flaherty satisfied his obligations to exhaust his administrative remedies and now timely files his lawsuit.

13. Venue is proper in this Court.

### IV.  Factual Allegations

14. O'Flaherty was born on May 14, 1957 and began working for Defendant on May 12, 2004.

15. At the time of his termination, O'Flaherty was employed as Senior Director of Clinical Products at Defendant's offices at 250 W. 96th Street, Suite 100 in Indianapolis, Indiana.

16. At the time of his termination, Plaintiff was 62 years old.

17. O'Flaherty met or exceeded all of Defendant's legitimate employment expectations, as evidences by his performance evaluations, promotions, pay increases and bonuses.

18. O'Flaherty is able to perform all the essential functions of his job with or without a reasonable accommodation.

19. In 2015, O'Flaherty required gall bladder surgery. Because of his employment with Defendant, he was required to have the surgery at Defendant's facility.

20. During the surgery, Defendant's surgeons nicked O'Flaherty's bile duct and severed an artery.

21. As a result of the surgery, O'Flaherty developed cirrhosis of the liver and portal hypertension. O'Flaherty has been placed on the regional liver transplant list due to his end-stage liver disease.

22. Despite this condition, O'Flaherty continued to meet or exceed Defendant's legitimate employment expectations until his termination on October 30, 2019.

23. In mid-September, 2019, O'Flaherty began reporting to Anne LeMaistre ("LeMaistre"), M.D., Defendant's Vice President of Enterprise Applications and Platforms.

24. O'Flaherty began to experience internal bleeding from his medical complications in late 2019.

25. On October 21, 2019, O'Flaherty requested intermittent leave under the FMLA. His leave was approved on October 22, 2019 and the approval was communicated to LeMaistre.

26. On October 30, 2019, LeMaistre, for the first time, requested a one-on-one meeting with O'Flaherty. At this meeting, LeMaistre told O'Flaherty that his former supervisor told her he had been underperforming and terminated O'Flaherty.

27. Prior to this meeting, O'Flaherty had never received any verbal or written communications that his work performance was unsatisfactory.

28. After his termination, O'Flaherty learned that Defendant held him responsible for a project failure that he was never made aware of.

29. Defendant, through Meghan Hendricks, Vice President of Relationship and Demand Management, provided testimony to the Indiana Department of Workforce Development that O'Flaherty was terminated in part due to his alleged failure to complete a database consolidation project.

30. O'Flaherty had never approved the project in question and was never made aware of the project until a meeting on October 22, 2019, with O'Flaherty, Hendricks and LeMaistre in attendance.

31. Upon information and belief, Hendricks approved the project without input or consent from either O'Flaherty or Rich Adams ("Adams"), Defendant's Clinical Imaging Director, and ultimately assigned the project to Rachel Brewton ("Brewton").

32. Defendant knew that O'Flaherty was not aware the project had been approved, that it was never assigned to him, and that he never completed work on the project, O'Flaherty was terminated, while LeMaistre, Hendricks and Brewton, all female, were not.

33. Both Hendricks and Brewton are significantly younger than O'Flaherty.

34. O'Flaherty was replaced by Adams, who is significantly younger than O'Flaherty.

35. O'Flaherty has suffered, and continues to suffer, harm as a result of Defendant's adverse employment actions.

## V.  Causes of Action

### COUNT I

### DISABILITY DISCRIMINATION – ADA

36. O'Flaherty hereby incorporates paragraphs 1 - 36 of his Complaint.

33. The acts alleged above constitute unlawful employment practices in violation of the ADA.

34. Defendant has failed and refused to apply the same standard to O'Flaherty as it has applied to similarly situated employees who are not disabled, do not have a record of disability, and/or who it does not regard as disabled.

35. Defendant took unlawful, adverse employment actions against O'Flaherty based on his disability, his record of disability, or its perception that he is disabled, including when it terminated his employment.

36. Defendant's actions, as alleged above, deprived O'Flaherty of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

37. Defendant's stated reasons for its adverse actions against O'Flaherty serve only as a pretext to conceal its illegal motives.

38. O'Flaherty has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

39. Defendant's unlawful actions against O'Flaherty were intentional, willful, and done in reckless disregard of O'Flaherty's rights as protected by the ADA.

## COUNT II

## RETALIATION – ADA

40. O'Flaherty hereby incorporates paragraphs 1 - 39 of his Complaint.

41. The acts alleged above constitute unlawful employment practices in violation of the ADA.

42. Defendant failed and refused to apply the same standard to O'Flaherty as it has applied to similarly situated employees who have not engaged in protected activity.

43. Defendant took unlawful and retaliatory adverse employment actions against O'Flaherty because of his engagement in protected activity, including when it terminated his employment.

44. Defendant's actions, as alleged above, deprived O'Flaherty of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

45. Defendant's stated reasons for its adverse actions against O'Flaherty serve only as a pretext to conceal its illegal motives.

46. O'Flaherty has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

47. Defendant's unlawful actions against O'Flaherty were intentional, willful, and done in reckless disregard of O'Flaherty's rights as protected by the ADA.

## COUNT III

## VIOLATIONS OF THE FMLA

48. O'Flaherty hereby incorporates paragraphs 1 – 47 of his Complaint.

49. The acts alleged above constitute unlawful employment practices in violation of the FMLA.

50. Defendant failed and refused to apply the same standard to O'Flaherty as it has applied to similarly situated employees who have not requested FMLA qualifying leave and/or taken FMLA leave.

51. Defendant took unlawful and retaliatory adverse employment actions against O'Flaherty because he requested and/or took FMLA leave, including when it terminated his employment.

52. Defendant's actions, as alleged above, constitute interference with O'Flaherty's FMLA rights and/or retaliation for her requesting and/or taking FMLA leave.

53. Defendant's stated reasons for its adverse actions against O'Flaherty serve only as a pretext to conceal its illegal motives.

54. O'Flaherty has suffered damages as a result of Defendant's unlawful conduct, including lost wages.

55. Defendant's unlawful actions against O'Flaherty were intentional, willful, and done in reckless disregard of O'Flaherty's rights as protected by the FMLA.

## COUNT IV

## AGE DISCRIMINATION – ADEA

56. O'Flaherty hereby incorporates paragraphs 1 - 55 of his Complaint.

57. The acts alleged above constitute unlawful employment practices in violation of the ADEA.

58. Defendant has failed and refused to apply the same standard to O'Flaherty as it has applied to similarly situated employees who are substantially younger than him.

59. Defendant took unlawful, adverse employment actions against O'Flaherty based on her age, including when it terminated his employment.

60. Defendant's actions, as alleged above, deprived O'Flaherty of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

61. Defendant's stated reasons for its adverse actions against O'Flaherty serve only as a pretext to conceal its illegal motives.

62. O'Flaherty has suffered damages as a result of Defendant's unlawful conduct, including lost wages.

63. Defendant's unlawful actions against O'Flaherty were intentional, willful, and done in reckless disregard of O'Flaherty's rights as protected by the ADEA.

## COUNT V

## SEX DISCRIMINATION – TITLE VII

64. O'Flaherty hereby incorporates paragraphs 1 - 63 of his Complaint.

65. The acts alleged above constitute unlawful employment practices in violation of Title VII.

66. Defendant failed and refused to apply the same standard to O'Flaherty as it has applied to similarly situated, female employees.

67. Defendant took unlawful and discriminatory actions against O'Flaherty based on his sex, male, including when it terminated his employment.

68. Defendant's actions, as alleged above, deprived O'Flaherty of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

69. Defendant's stated reasons for its adverse actions against O'Flaherty serve only as a pretext to conceal its illegal motives.

70. O'Flaherty has suffered damages as a result of Defendant's unlawful conduct, including lost wages and benefits, mental anguish, and emotional distress.

71. Defendant's unlawful actions against O'Flaherty were intentional, willful, and done in reckless disregard of O'Flaherty's rights as protected by Title VII.

## VI.  Relief Requested

WHEREFORE, Plaintiff, John O'Flaherty, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate O'Flaherty to the same or similar position, salary, and seniority, or pay front pay and benefits to O'Flaherty in lieu of reinstatement;

2. Defendant pay lost wages and benefits to O'Flaherty;

3. Defendant pay compensatory and punitive damages to O'Flaherty;

4. Defendant pay pre- and post-judgment interest to O'Flaherty;

5. Defendant pay O'Flaherty's attorneys' fees and costs incurred in litigating this action;

6. Defendant be permanently enjoined from engaging in any employment policy or practice that violates the ADA, the FMLA, the ADEA, and/or Title VII; and

7. Defendant pay to O'Flaherty any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

*Christopher L. Cassidy*
Christopher L. Cassidy, #22837-32
Eric J. Hartz, #29676-49
CLEVELAND LEHNER CASSIDY
6214 Carrollton Ave., Suite 200
Indianapolis, IN 46220
Telephone: (317) 388-5424
Facsimile: (317) 947-1863
Email: chris@clcattorneys.com
eric@clcattorneys.com

Attorneys for Plaintiff
John O'Flaherty

## **DEMAND FOR JURY TRIAL**

The Plaintiff, John O'Flaherty, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*s/ Christopher L. Cassidy*
Christopher L. Cassidy, #22837-32